ROBERT M. PETERSON [Bar No.: 100084]
MICHAEL C. COOPER [Bar No.: 114729]
CARLSON, CALLADINE & PETERSON LLP
Two Embarcadero Center, 18th Floor
San Francisco, California 94111
Telephone:    (415) 391-3911
Facsimile:    (415) 391-3898

Attorneys for Defendant
EPSTEIN BECKER & GREEN, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>ATG CATALYTICS,<br><br>    Debtor.<br><br>ROBERT I. HANFLING, CHAPTER 11 TRUSTEE,<br><br>    Plaintiff,<br><br>vs.<br><br>EPSTEIN BECKER & GREEN, P.C., et al.,<br><br>    Defendants. | Case No.: C-04-1450 PJH<br>BK Adv. Case No. 03-4806<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW REFERENCE [28 U.S.C. §157(d)]** |

## I.     INTRODUCTION

Defendant Epstein, Becker & Green, P.C. ("EBG") brings this motion requesting that the District Court withdraw its reference to the Bankruptcy Court, pursuant to Title 28 USC §157(d), for this adversary proceeding on that grounds that the Bankruptcy Court, absent the consent of all parties, cannot conduct a jury trial in this non-core proceeding without violating either §

157(c)(1)'s right to *de novo* review by the District Court or the Seventh Amendment's right to a jury trial.[1]

As discussed in more detail below, the sole count asserted against EBG in this proceeding is a purely state law claim for legal malpractice, which is a "non-core" proceeding within the meaning of Title 28 U.S.C. §157(a).  EBG has, within its right, demanded a jury trial on this purely state law matter, and has not consented to have the trial heard before the Bankruptcy Court under Title 28 U.S.C. §157(e).  EBG's demand for a jury trial, however, draws into conflict the requirement for "de novo" review by the District Court of non-core jury verdicts tried in a Bankruptcy Court under §157(c)(1) and the Seventh Amendment's prohibition against the District Court's reexamination of facts tried by a jury.  As such, the only constitutionally permissible recourse for the District Court is to withdraw its reference and permit this adversary action to proceed in the District Court.  EBG, therefore, respectfully requests that this Court grant this motion and withdraw its reference to allow this adversary proceeding to go forward in the District Court.[2]

## II. EBG'S SEVENTH AMENDMENT RIGHT TO A JURY TRIAL REQUIRES WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT

### A. This Adversary Proceeding Is Not A Core Proceeding

This adversary action is not a core proceeding within the meaning of § 157(b)(2) because it arises from purely state law claims.  The sole count against EBG in this adversary proceeding, Count I, asserts a claim for attorney malpractice in the combined form of "negligence" and

---

[1] Title 28 U.S.C. §157(d) provides, in pertinent part, that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

[2] Diversity jurisdiction appears to exist based on the allegations of the complaint wherein it alleges that plaintiff ATG Catalytics LLC is a Delaware limited liability company with its principal place of business in Tennessee and EBG is a professional corporation organized under the State of New York with its principal place of business in New York.  (See, Complaint, Paras. 7 & 8, Ex. A to Request for Judicial Notice.)  On information and belief, ATG, Inc. is a California corporation with its principal place of business in a California.  The complaint asserts damages in excess of $75,000.  See, 28 USC § 1332.

"breach of contract." (See, Complaint, Count I at Ex. A to Request for Judicial Notice.)[3] The elements of a cause of action for attorney malpractice are determined by state law. Those elements are: (1) the duty of the attorney to use skill, prudence and diligence as members of the profession commonly possess; (2) breach of that duty; (3) a proximate causal connection between the breach and the resulting alleged injury; and (4) proof of actual loss or damage. See, *Budd v. Nixen* (1971) 6 Cal.3d 195, 200. There are no other counts or claims asserted against EBG other than those set forth in Count I above, which are based entirely upon state law.

Title 28 U.S.C. §157(b)(2) defines what constitutes a core proceeding for bankruptcy purposes. Specifically, that section sets forth thirteen specific definitions of a core proceeding. The state law claim asserted in this adversary proceeding does not fall within those thirteen definitions of core proceeding, which are set forth in § 157(b)(2)(B)-(N):

> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (C) counterclaims by the estate against persons filing claims against the estate;
>
> (D) orders in respect to obtaining credit;
>
> (E) orders to turn over property of the estate;
>
> (F) proceedings to determine, avoid, or recover preferences;
>
> (G) motions to terminate, annul, or modify the automatic stay;
>
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
>
> (I) determinations as to the dischargeability of particular debts;
>
> (J) objections to discharges:
>
> (K) determinations of the validity, extent, or priority of liens;
>
> (L) confirmations of plans;

---

[3] Likewise, the two counts alleged against the other defendants are state law claims for "Fraud, Mispresentation" (Count II) and "Negligent Mispresentation" (Count III). (See, Complaint, Counts II and III at Ex. A to Request for Judicial Notice.)

>  (M) orders approving the use or lease of property, including the use of cash collateral;
>
>  (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate.

Section 157(b)(2) also includes two so-called "catch-all" provisions set forth in subparts (A) and (O):

>  (A) matters concerning the administration of the estate;
>
>  (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor of the equity security holder relationship, except personal injury tort or wrongful death claims.

The Ninth Circuit, however, cautions that federal courts should avoid characterizing a proceeding as "core" under these catch-all provisions if to do so would raise constitutional problems, such as those set forth in *Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50 [102 S.Ct. 2858] (1982). Because of these constitutional concerns, the Ninth Circuit "has interpreted *Marathon* as depriving the bankruptcy court of jurisdiction 'to make final determinations in matters that could have been brought in a district court or a state court.'" [citation omitted]. *In re Castle Rock Properties, Piombo Corporation v. Castle Rock Properties*, 781 F.2d 159, 162 (9th Cir. 1986). To avoid these constitutional concerns, state law claims that do not fall within the categories of core proceedings enumerated in § 157(b)(2)(B)-(N) should not be construed as falling within the two catch-all provisions, even if they arguably fit within the literal wording of subsections (A) and (O). *Castle Rock, supra*, 781 F.2d at 162. The meaning of "core" proceedings has, therefore, been limited to "those actions that generally have no existence outside of bankruptcy." *In re Kold Kist Brands, Inc.*, 158 B.R. 175, 178 (C.D. Cal. 1993). Conversely, "non-core" proceedings are those "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court…" *Security Farms v. Int'l Brotherhood of Teamsters* (9th Cir. 1997) 124 F3d 999, 1008.

Bankruptcy courts within the Ninth Circuit have followed the reasoning in *Castle Rock* in rejecting arguments that § 157(b)(2)(A) and (O) transform a purely state court action into a "core" proceeding. *In re World Solar Corporation*, 81 B.R. 603 (S.D. Cal. 1988); *In re Kold Kist Brands,*

4

*Inc.*, *supra*, 158 B.R. 175 . In *World Solar*, for example, the debtor filed an adversary proceeding for breach of contract, interference with contractual relations, interference with prospective economic advantage and bad faith breach of contract arising from work performed on housing and urban development projects. The debtor claimed that these state law claims fell within the catch-all "matters concerning the administration of the estate" (subpart (A)). The court acknowledged that the breach of contract and tortious interference claims would affect the debtor-creditor relationship and the results of such litigation could potentially affect the debtor's liquidation of assets and its estate, but reasoned that because "these issues depend on state law for their resolution and are matters which, but for the intervention of the bankruptcy, could have been brought in state court, they are not core proceedings." *World Solar, supra*, 81 B.R. at 608. Similarly, the bankruptcy court rejected the debtor's claim that the adversary proceeding was a core proceeding pursuant to § 157(b)(2)(O), which includes "other proceedings affecting the liquidation of the assets of the estate." Following other federal decisions, including the *Castle Rock* opinion, the bankruptcy court concluded that "the more well reasoned opinions have held that a breach of contract action cannot be characterized as falling under § 157(b)(2)(O) [citations omitted], since that would eradicate the underpinnings of *Marathon*." *Id.* at 608-609.

The adversary action here, like those in *Castle Rock, Security Farms, Kold Kist*, and *World Solar*, asserts a purely state law claim against EBG that does not depend on the bankruptcy laws for its existence. As such, it does not constitute a core proceeding, even if an argument could be made that the state claim falls within the literal wording of one of the two catch-all provisions, §§ 157(b)(2)(A) and (O).

  **B.**  **The "De Novo" Review Standard for Jury Verdicts in Non-Core Actions Prevents the Bankruptcy Court from Conducting A Jury Trial in This Proceeding**

When jury trials are demanded in non-core proceedings, "the constitutional analysis changes dramatically … because the scope of the bankruptcy court's adjudicatory powers is much more circumscribed in the non-core context." *In re Cinematronics, Inc.* (9th Cir. 1990) 916 F.2d 1444, 1449. These constitutional concerns are expressly set forth in the Seventh Amendment right

to a trial by jury. The Seventh Amendment provides that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of common law." *U.S. Constitution Amendment VII*; *In re Cinematronics, Inc., supra* at 1451. In other words, the "Seventh Amendment does not allow another court's review of facts found by the jury with no standard of deference and with the authority to redecide those matters in the first instance." *In re Cinematronics, Inc., supra* at 1450. These Seventh Amendment concerns, as respects jury trials in non-core actions, arise in the context of *de novo* review under 28 U.S.C. § 157(c)(1), which provides as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11. In such proceedings, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* these matters to which any party has timely and specifically objected. (emphasis added).

The requirement of "de novo" review by the District Court of non-core jury verdicts under § 157(c)(1) violates the Seventh Amendment's prohibition against another court's reexamination of facts tried by a jury. The conundrum faced by federal courts in attempting to follow § 157(c)(1) while abiding by the Seventh Amendment is succinctly set forth in the *In re Cinematronics, Inc.* decision:

> If the district courts refused to review bankruptcy court jury verdicts on non-core matters with the *de novo* standard, they would be acting contrary to express statutory mandate, see § 157(c)(1). Yet, if they reviewed the bankruptcy court verdicts *de novo* they would be at odds with the Seventh Amendment. *In re Cinematronics, Inc., supra* at 1451.

To avoid this dilemma, the Ninth Circuit held that the Seventh Amendment right to a jury trial outweighed the need to have bankruptcy court jury trials in non-core proceedings, and therefore, reversed the District Court's refusal to withdraw the referral to the bankruptcy court, concluding that it was an abuse of discretion. *Id.*

    **C.**    **Because the Parties Have Not Consented To a Jury Trial Before the Bankruptcy Court, the District Court Is Constitutionally Mandated To Withdraw its Reference**

EBG has demanded a jury trial. (See, Request for Judicial Notice, Ex. B.) Section 157(e) permits the bankruptcy judge to conduct a jury trial only with the express consent of all parties. The parties here, however, have not consented to a jury trial before the Bankruptcy Court. Specifically, EBG, in its Declination of Consent and Answer, expressly states that it does not consent to a jury trial before the Bankruptcy Court. (See, Request for Judicial Notice, Exs. C and D.) Since all parties have not consented to a jury trial before the Bankruptcy Court, the District Court's only constitutionally permissible alternative is to withdraw the referral of this action from the Bankruptcy Court:

> Faced with this problem [of accommodating § 157(c)(1) without violating the Seventh Amendment], several courts have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, <u>withdrawal of the case to the district court is appropriate</u>…. [w]e agree with these courts and conclude that <u>bankruptcy courts cannot conduct jury trials on non-core matters, where the parties have not consented.</u> *In re Cinematronics, Inc., supra* at 1451, emphasis added.

### III.    CONCLUSION

The Bankruptcy Court cannot conduct a nonconsensual jury trial in this non-core proceeding without violating either § 157(c)(1)'s right to *de novo* review by the District Court or the Seventh Amendment's right to a jury trial. As such, the only permissible recourse for the District Court is to withdraw its reference and permit this adversary action to proceed in the District Court. To rule otherwise would be abuse of discretion. *In re Cinematronics, Inc., supra*, 916 F.2d at 1451.[4]

---

[4] EBG anticipates that it will request a change of venue for this matter, assuming the District Court withdraws the reference, because all of the relevant witnesses and parties appear to reside on the East Coast, and more particularly, in the Boston, Massachusetts area.

DATED: June 9, 2004										CARLSON, CALLADINE & PETERSON LLP


										By:_____
										    MICHAEL C. COOPER
										    Attorneys for Defendant
										    EPSTEIN BECKER & GREEN, P.C.

**PROOF OF SERVICE BY MAIL**
(Code of Civil Procedure §§ 1013a & 2015.5)

I, the undersigned, declare that I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is CARLSON, CALLADINE & PETERSON, Two Embarcadero Center, Suite 1800, San Francisco, California 94111.

On June 9, 2004, I served the attached:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW REFERENCE [28 U.S.C. §157(d)]**

on the persons named below in said cause, by placing a true copy thereof enclosed in an envelope with postage prepaid fully thereon, and depositing it with the United States Mail at San Francisco, California, addressed as follows:

| | |
|---|---|
| Jeffrey D. Kirk, Esq.<br>1414 Park Avenue<br>Alameda, CA 94501 | John P. Coyle, Esq.<br>Duncan & Allen<br>1575 Eye Street, N.W.<br>Suite 300<br>Washington, D.C. 90005-1175 |
| Robert M. Fleischer, Esq.<br>Jacobs Partners LLC<br>Merritt View<br>383 Main Avenue<br>Norwalk, CT 06851 | Barry F. McCarthy<br>McCarthy & Berlin LLP<br>2005 Hamilton Avenue, Suite 140<br>San Jose, CA 95125 |
| Peter J. Benvenutti<br>Heller, Ehrman, White & McAuliffe<br>333 Bush Street<br>San Francisco, CA 94104 | Gary Grossman<br>Testa, Hurwitz & Thibeault, LLP<br>125 High Street<br>Boston, MA 02110 |
| Randall J. Newsome<br>U.S. Bankruptcy Court<br>1300 Clay Street, Suite 300<br>P.O. Box 2070<br>Oakland, CA 94604 | USBC Manager<br>U.S. Bankruptcy Court<br>Northern District of California<br>1300 Clay St. #300<br>Oakland, CA 94612 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at San Francisco, California, on June 9, 2004.

_____
Eyleen Nadolny

CARLSON CALLADINE & PETERSON LLP
TWO EMBARCADERO CENTER
18TH FLOOR
San Francisco, CA 94111

10

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW REFERENCE**
**CASE NO.: C-04-1450**