United States District Court

For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: IN RE ATG CATALYTICS,

    Debtor.
_____/

ROBERT I. HANFLING, Chapter 11 Trustee,

    Plaintiff,

    v.

EPSTEIN, BECKER & GREEN, P.C, et al,

    Defendant.
_____/

No. C-04-1450 PJH
BK Adv. Case No. 03-4806

**ORDER GRANTING MOTION TO WITHDRAW REFERENCE**

    Plaintiff, the chapter 11 trustee for debtor ("ATG"), filed the instant adversary case on behalf of ATG against defendant Epstein, Becker & Green, P.C. ("EPG") and other defendants before the bankruptcy court on December 2, 2003. The lawsuit involved numerous claims, including fraud, misrepresentation, negligence, and breach of contract, possessed by debtor ATG, arising from ATG's purchase of assets from the bankruptcy estate of Molten Metal Technologies, Inc. ("MMT"), and included claims related to EPG's representation of ATG in the course of that sale. Before this court is defendant EPG's motion to withdraw the bankruptcy court's reference as to the claims against EPG,

pursuant to 28 U.S.C. § 157(d).

Section 157(d) provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

On April 30, 2004, the bankruptcy court recommended to this court that the reference to the bankruptcy court be withdrawn in the above matter on the grounds that EPG has requested a jury trial and has refused to consent to the bankruptcy court's conducting the jury trial. Subsequently, on June 9, 2004, EPG filed with this court its motion to withdraw the reference pursuant to Fed. Rule Bankr. Proc. 5011, and on June 22, 2004, the chapter 11 trustee filed with this court its consent to withdrawal of the bankruptcy court's reference.

The Ninth Circuit has held that the district court must articulate its reasons for withdrawing the bankruptcy court's reference. *See In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002). Among the factors that the district court should consider are "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Security Farms*, 124 F.3d 999, 1008 (9th Cir. 1997)(citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Among the "other related factors" is the presence or absence of a jury request. *See id.*

Here, this court agrees that withdrawal of the reference is appropriate. While the court does not agree with EPG that withdrawal is mandated under § 157(d), consideration of the above factors demonstrates cause for permissive withdrawal under that section. Judicial efficiency is enhanced by withdrawing the reference because non-core issues predominate, the claims against EPG do not depend on Title 11, and EPG has refused to consent to a jury trial before the bankruptcy court.

Accordingly, this court GRANTS permissive withdrawal of the bankruptcy court's reference with respect to the claims against movant EPG only.

At the parties' request, the case management conference is continued until

September 23, 2004 at 2:30 p.m.

**IT IS SO ORDERED.**

Dated: July 19, 2004

_____/s/_____
PHYLLIS J. HAMILTON
United States District Judge

Order transmitted to the Honorable Randall J. Newsome