United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: IN RE ATG CATALYTICS,

    Debtor.
_____/

ROBERT I. HANFLING, Chapter 7 Trustee,

    Plaintiff,

    v.

EPSTEIN, BECKER & GREEN, P.C,
JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5, and JOHN DOES 1 through 5,

    Defendants.
_____/

Nos. C-04-1450/ 04-4026 PJH
BK Adv. Case No. 03-4806

**ORDER GRANTING WITHDRAWAL OF REFERENCE AS TO REMAINING DEFENDANTS; GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE; VACATING DECEMBER 1, 2004 HEARING**[1]

## BACKGROUND

Plaintiff, the chapter 11 trustee for debtor ("ATG"), filed the instant adversary case on behalf of ATG against multiple defendants before the bankruptcy court on December 2, 2003. The lawsuit involved numerous claims, including fraud, misrepresentation, negligence, and breach of contract, arising from debtor ATG's purchase of assets from the bankruptcy estate of Molten Metal Technologies, Inc. ("MMT").

On July 19, 2004, this court withdrew the bankruptcy court's reference in C-04-1450

---

[1] Pursuant to Civil Local Rule 7-13, this order may not be cited except as provided by Civil Local Rule 3-4(e).

PJH as to defendant EBG *only* because, at that time, EBG was the only defendant among several in the underlying adversary case to request withdrawal of the bankruptcy court's reference. Subsequently, on August 20, 2004, EBG filed with this court a motion to transfer venue to Massachusetts. At the September 29, 2004 hearing on EBG's motion, this court advised the parties that in the interests of judicial economy, defendant EBG's motion would be continued until all defendants were before this court. At that hearing, Chapter 7 trustee's counsel advised the court that the trustee would consent to withdrawal of the reference as to all defendants and to transfer of the entire case at the time withdrawal had been effected as to all defendants.

The remaining defendants subsequently sought withdrawal of the bankruptcy court's reference; and on October 28, 2004, this court related the case involving the remaining defendants, C-04-4026 CW, to C-04-1450 PJH.

In a November 23, 2004 joint status report filed with this court, counsel for all defendants and the Chapter 7 trustee advised the court that the remaining defendants join in EBG's motion to transfer venue. Additionally, the parties advised the court that the Chapter 7 trustee consents to withdrawal of the reference as to remaining defendants, and consents to transfer of the entire case to the District Court of Massachusetts (Boston).

**ORDER**

GOOD CAUSE APPEARING this court GRANTS the remaining defendants' motion to withdraw the bankruptcy court's reference pursuant to 28 U.S.C. § 157(d). *See In re Security Farms*, 124 F.3d 999, 1008 (9th Cir. 1997) (court should consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors," including jury trial right).

Additionally, for the reasons discussed on the record at the September 29, 2004 hearing on EBG's motion to transfer venue, the court GRANTS defendants' motion to transfer venue to the District Court of Massachusetts (Boston) pursuant to 28 U.S.C. §§ 1404(a) and 1412. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also* 1 Collier on

Bankruptcy, § 4.04[4][a] (2004 ed.); *Abbey v. Modern Africa One, LLC*, 305 B.R. 594, 600-602 (D.D.C. 2004) (treating motion to transfer venue in adversary proceeding as one under both §§ 1404(a) and 1412).

The December 1, 2004 hearing is VACATED.

**IT IS SO ORDERED.**

Dated: November ____, 2004

_____/s/_____
PHYLLIS J. HAMILTON
United States District Judge